IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Wayne Worley, )<br>  )<br>         Plaintiff, )<br>  )<br>    vs. )<br>  )<br>Carolyn W. Colvin, )<br>Commissioner of Social Security, )<br>  )<br>         Defendant. )<br>_____ ) | Civil Action No. 2:12-2204-CMC-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).

The plaintiff brought this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration that the plaintiff was not entitled to benefits.[1]  The defendant has filed a motion to dismiss.  [Doc. 6.]

**ADMINISTRATIVE PROCEEDINGS**

The defendant has represented the following administrative history to the Court. On May 11, 2010, an Administrative Law Judge (ALJ) issued a decision denying the plaintiff's claim for benefits under Titles II of the Social Security Act (the Act), 42 U.S.C. §§ 401-433. The plaintiff then filed a request for review of the ALJ's decision.  On April 20, 2012, the Appeals Council denied the plaintiff's request and advised him that he had the right to file a civil action within the 60 days after the ALJ's decision became final.

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

After unsuccessfully attempting to do so by mail, on June 25, 2012, the plaintiff filed his Complaint on July 20, 2012, in the United States District Court for the District of South Carolina.

## DISCUSSION

The defendant claims that the plaintiff's Complaint should be dismissed as untimely. Judicial review of final decisions on claims arising under Title II or Title XVI of the Social Security Act is provided for and limited by sections 205(g) and (h) of said Act, 42 U.S.C. § 405(g) and (h). As the defendant contends, an action to review the "final decision of the Commissioner made after a hearing must be "commenced **within sixty days after the mailing to him [the party bringing the action] of notice of such decision** or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g) (emphasis added). The plaintiff received an Appeals Council's notice on April 20, 2012. [Doc. 1-1.] The plaintiff, therefore, had until June 25, 2012, to file his Complaint. He, in fact, filed it, on July 20, 2012, approximately twenty five days out of time.

Plaintiff's counsel apparently attempted to file the appeal by mailing it to the Court, on June 11, 2012, as opposed to electronically filing it, as is required. (Pl. Resp. at 2.) The Summons and Complaint were not returned to the plaintiff, by the Court, with a deficiency notice, until July 20, 2012. *Id.* Plaintiff's counsel immediately and electronically filed it the same day. *Id.*

The provision of Section 405(g) establishing a sixty day period for filing an appeal to the district court is not jurisdictional. *See Cleaton v. Secretary, Dept. of Health and Human Services*, 815 F.2d 295, 300 n.8 (4th Cir. 1987); *Hyatt v. Heckler*, 807 F.2d 376 (4th Cir.1986). "Instead, it acts as a statute of limitations, which can be tolled under the appropriate circumstances." *Cleaton*, 815 F.2d at 300 n.8. A late filing, therefore, may be excused in rare circumstances "where the equities in favor of tolling the limitations period

are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).

Almost universally, however, courts have concluded that attorney mistake, as is present here, does not qualify as the kind of explanation that warrants an equitable tolling of the statutory period. *See Fleming v. Evans*, 481 F.3d 1249, 1255–1256 (10th Cir.2007); *Smith v. Astrue*, 2010 WL 3259388 at *1 (11th Cir., Aug.17, 2010) (attorney error is not a basis for application of equitable tolling); *Torres v. Barnhart*, 417 F.3d 276, 283 (2nd Cir. 2005) (same); *Bowlin v. Astrue*, 2010 WL 5113987 at *3 (S.D.Ill., Dec.9, 2010); *Thomas v. Astrue*, 2012 WL 1893562, at *2 (D. Kan. May 23, 2012).

This case begs some exception.

Specifically, the Court is persuaded that "it would be manifestly unfair" to penalize the plaintiff on the facts of this case. *See Washington v. Ball*, 890 F.2d 413, 415 (11th Cir. 1989). "Just as the statute is tolled where a plaintiff is mislead by the Secretary, the statute should be tolled when a plaintiff is mislead by the court. " *Id.* (holding that because "the District Court Clerk . . . informed Washington after the statutory period had run that he should proceed to file his complaint and then request leave to amend it [and] [h]aving filed his request for an extension of time prior to the expiration of the thirty day period, he should not be penalized for following the instructions of the district court"). Here, Plaintiff's counsel improperly attempted to file the Complaint by mail nine days prior to expiration of the 60-day deadline. Thus, time existed, within which, the mistake could have been cured. And, while court staff obviously did not "mislead" the plaintiff and have no responsibility, specifically, to litigants to ensure conformity with limitations periods, the delay in returning the Complaint, for improper filing, plainly contributed to the plaintiff's inability to cure on time. It cannot be said strongly enough that Plaintiff's counsel should have independently known or corroborated that electronic filing is required – the rule is not new. But, the delay in notifying

3

him of the error seems to have aggravated the mistake's foreseeable consequence from mere procedural deficiency to substantive prejudice.

To the undersigned, fundamental fairness is not served by such an unforgiving application of the filing period, nor efficiency for that matter. The plaintiff did not sit on his rights.

## **CONCLUSION AND RECOMMENDATION**

Therefore, it is recommended that the Commissioner's motion to dismiss [Doc. 6] be DENIED.

                                          s/Bruce H. Hendricks
                                          United States Magistrate Judge

March 14, 2012
Charleston, South Carolina