**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael Wayne Worley, | ) | C/A No. 2:12-2204-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for benefits. The Commissioner filed a motion to dismiss the complaint because it was filed more than 60 days after the decision of the Administrative Law Judge ("ALJ") became final. The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. The Report, filed on March 15, 2013, recommends that the motion to dismiss be denied. Dkt. No. 10. The Commissioner filed objections to the Report on March 29, 2013 (Dkt. No. 11), to which Plaintiff replied on April 10, 2013. Dkt. No. 13. For the reasons stated below, the court adopts the Report and denies the Commissioner's motion to dismiss.

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g).

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

As explained in the Report, on April 20, 2012, Plaintiff was advised that the Appeals Council denied his request to review the ALJ's decision to deny Plaintiff's claims for benefits. He was also advised on that date that he had the right to file a civil action within 60 days. On June 11, 2012, Plaintiff, through counsel, mailed a summons and complaint to the United States District Court for the District of South Carolina. On July 20, 2012, the summons and complaint were returned to Plaintiff by the court, with a deficiency notice because it was not electronically filed. Plaintiff's counsel immediately electronically filed the complaint on the same date. Defendant moves to dismiss the complaint because it was not filed until after the expiration of the 60-day filing period.

Although an attorney's mistake does not usually warrant equitable tolling of the statute of limitations, the Report recommends that it be tolled in this instance. Based on the court's delay in informing Plaintiff of the deficiency of his attempted filing, and that Plaintiff had attempted to file by mail nine days prior to the expiration of the 60-day deadline, the Report found that the court's delay contributed to Plaintiff's inability to timely cure the filing deficiency.

The Commissioner objects to the Report's recommendation, arguing that there are no extraordinary circumstances to justify equitable tolling. Dkt. No. 11 at 2. Further, the Commissioner maintains that "the claimant does not forever forfeit a claim to benefits by virtue of

his failure to seek timely review, but may re-file requesting benefits for a later period." *Id.*

Having reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge , the court agrees with the Report that equitable tolling is justified in this case. For the reasons stated in the Report, the court rejects the Commissioner's objection, adopts the Report, and denies the motion to dismiss.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 29, 2013